```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROGER ANTHONY DENNIS,

                    Petitioner,

          -against-                                    MEMORANDUM & ORDER

                                                       09-cv-4513 (SLT)
DEPARTMENT OF HOMELAND SECURITY
BUREAU OF IMMIGRATION AND CUSTOM
ENFORCEMENT,

                    Respondent.
-----------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   OCT 2 3 2009
P.M.
TIME A.M.

TOWNES, United States District Judge:

On October 20, 2009, petitioner Roger Anthony Dennis (the "Petitioner"), proceeding *pro se*, filed a petition styled as an "Emergency Stay of Deportation" (the "Petition"). For the reasons stated below, the Petitioner's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, and the Petition is dismissed.

Because the Petitioner is *pro se*, his petition must be read liberally and interpreted as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nevertheless, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Petitioner states that he was arrested for selling drugs to an undercover agent in Brooklyn and pled guilty to the Attempted Sale of a Controlled Substance in the Third Degree. He states that he was sentenced to five years probation, but was arrested for violating his

probation and was sentenced to a term of one to three years in prison. He asserts that a final order of deportation has been issued and seeks a stay of that order in this proceeding.

The REAL ID Act of 2005, 8 U.S.C. § 1252, strips district courts of jurisdiction to review a final order of deportation. *See De Ping Wang v. Department of Homeland Sec.*, 484 F.3d 615 (2d Cir. 2007). The provisions of § 1252 also strip district courts of jurisdiction to stay an order of deportation or removal. *See Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009); *Rodney v. Gonzalez*, No. 05-CV-3407 (SLT), 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006). The appropriate venue for a review of a final order of deportation is the "Court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Accordingly, the Court is without jurisdiction to entertain the Petition.

If a petition for review of a removal or deportation order is timely, but mistakenly, filed in a district court, a district court is required to transfer it to the appropriate Court of Appeals. *See Paul v. INS*, 348 F.3d 43, 46-48 (2d Cir. 2003). However, a transfer is not warranted in this case because the Court of Appeals for the Third Circuit has already adjudicated the Petitioner's challenge to his order of removal. The Petitioner sought the same relief that it seeks in this proceeding from this Court in an action captioned as *Dennis v. Ashcroft*, No. 05-CV-750 (ERK).

Pursuant to the REAL ID Act of 2005, Judge Korman transferred the portion of that case challenging the Petitioner's final removal order to the United States Court of Appeals for the Third Circuit. (Order dated September 28, 2005, Docket No. 10). The Third Circuit held that the removal order was valid and dismissed the petition for review. *See Dennis v. Attorney General of the United States*, 222 Fed. Appx. 229 (3d Cir. 2007).

## CONCLUSION

Accordingly, the Petition filed *in forma pauperis* is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
October 21, 2009