UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROGER ANTHONY DENNIS,

                Petitioner,

        -against-

DEPARTMENT OF HOMELAND SECURITY
BUREAU OF IMMIGRATION AND CUSTOM
ENFORCEMENT,

                Respondent.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**

09-cv-4513 (SLT)

TOWNES, United States District Judge:

On October 20, 2009, petitioner Roger Anthony Dennis (the "Petitioner"), proceeding *pro se*, filed a petition styled as an "Emergency Stay of Deportation" (the "Petition"). On October 21, 2009, the Petitioner's request to proceed *in forma pauperis* was granted pursuant to 28 U.S.C. § 1915, and the Petition was dismissed. The Petitioner now moves for reconsideration.

A motion for reconsideration under Local Civil Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration is also appropriate if there is an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice." *New York v. Locke*, No. 08-CV-2503, 2009 WL 2413463, at *2 (E.D.N.Y. Aug. 3, 2009). "A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Petitioner fails to identify any matter or controlling decision that the Court has overlooked. Nor does he point to any intervening change in the law, new evidence, clear error, or a manifest injustice. Accordingly, the Petitioner's motion for reconsideration is denied.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
      November 10, 2009